**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA     | : |                          |
|                              | : | Crim. No. 19-191         |
|            v.                | : |                          |
|                              | : | Hon. Robert B. Kugler    |
| THOMAS SHER                  | : |                          |

---

**FINAL JURY INSTRUCTIONS**

---

## 1. __Role of the Jury__

Members of the jury, you have seen and heard all the evidence and will soon hear the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.

My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone,

iPhone, Blackberry, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube, or Twitter, to communicate to anyone or share any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

## 2. **Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything

else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are *not* evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;  and

(5) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when

they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

3. **Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses – something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience, and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

### 4. <u>**Presumption of Innocence; Burden of Proof; Reasonable Doubt**</u>

The Defendant, Thomas Sher, pled not guilty to the offenses charged. Thomas Sher is presumed to be innocent.  He started the trial with a clean slate with no evidence against him.  The presumption of innocence stays with Thomas Sher unless and until the Government has presented evidence that overcomes that presumption by convincing you that Thomas Sher is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Thomas Sher not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Thomas Sher has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove that Thomas Sher is guilty, and this burden stays with the Government throughout the trial.

In order for you to find Thomas Sher guilty of the offenses charged, the Government must convince you that Thomas Sher is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of an offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of an offense charged, then you must return a verdict of not guilty for that particular offense.

## 5. **Not All Evidence; Not All Witnesses**

Although the Government is required to prove the Defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the Defendant is not required to present any evidence or produce any witnesses.

## 6. **Nature of the Indictment**

As you know, the Defendant, Thomas Sher, is charged in the Indictment with violating federal law. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the Defendant is accused of

7

committing.   An indictment is simply a description of the charges against a Defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Thomas Sher has been indicted in making your decision in this case.

### 7. **On or About**

You will note that the Indictment charges that the offenses were committed "on or about" certain dates.  The Government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

### 8. **Venue**

The Indictment alleges that some act in furtherance of the offenses charged occurred here in the District of New Jersey.  There is no requirement that all aspects of the offenses charged or that the entire conspiracy take place here in the District of New Jersey.  But for you to return a guilty verdict, the Government must convince you that some act in furtherance of the agreement took place here in the District of New Jersey.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.  This means the Government only has to convince you that it is more likely than not that some act in furtherance of the crimes charged or part of the conspiracy took place here.

Remember that the Government must prove all the elements I have described beyond a reasonable doubt.

8

9. **Stipulated Testimony and Facts**

The parties have agreed what the testimony of records custodians from the following entities would be if the records custodians was called as a witness:  Central Rexall Drugs, Inc.; Ocean City Family Practice; Shore Physicians Group; First Guaranty Bank; Fulton Bank of New Jersey; Ocean City Home Bank.

The parties have also agreed, or stipulated, that documents produced by Boardwalk Medical LLC, MBC Distributions LLC a/k/a MBC Distributors LLC, Lakeside Medical LLC, Medical Centers of Margate, and Express Scripts a/k/a Medco are true, accurate, and authentic copies of documents produced in response to subpoenas issued to those entities.

10.    **Summaries**

The Government presented certain charts and summaries in order to help explain the facts disclosed by the financial records.

11.    **Separate Consideration – Single Defendant Charged with Multiple Offenses**

Thomas Sher is charged with more than one offense; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the

government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on the other offenses charged.  Each offense should be considered separately.

### 12.      __Credibility of Witnesses__

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness's testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

10

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

(7) Whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

### 13.     Credibility of Witnesses – Law Enforcement Officer

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### 14.     Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses

You have heard evidence that Matthew Tedesco, William Hickman, John Gaffney, Michael Sher, and Michael Pepper are alleged co-conspirators and have entered into plea agreements with the Government.

This testimony was received in evidence and may be considered by you. The Government is permitted to present the testimony of someone who has

reached a plea bargain with the Government or received a benefit from the Government in exchange for his testimony, but you should consider the testimony of the witness with great care and caution.  In evaluating the witness's testimony, you should consider this factor along with the others I have called to your attention.  Whether or not the testimony may have been influenced by the plea agreement, Government's promise, or alleged involvement in the crime charged is for you to determine.  You may give this testimony such weight as you think it deserves.

You must not consider the guilty pleas of Matthew Tedesco, William Hickman, John Gaffney, Michael Sher, Edward Sutor, and Michael Pepper as any evidence of guilt against the defendant.  Their decision to plead guilty was a personal decision about their own guilt.  Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that the defendant has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified.  You may consider the witness's guilty plea only for these purposes.

### 15.        Impeachment of Witness – Prior Inconsistent Statement

You have heard the testimony of certain witnesses. You have also heard that before this trial they made statements that may be different from their testimony in this trial.  It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial.  These earlier statements were brought to your attention only to help you

decide whether to believe the witnesses' testimony here at trial.  You cannot use it as proof of the truth of what the witnesses said in the earlier statements.  You can only use it as one way of evaluating the witnesses' testimony in this trial.

### 16.      **False in One, False in All**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

### 17.      **Interviews of Witnesses**

During the trial, you have heard testimony that Assistant United States Attorneys or federal agents or defense counsel interviewed or attempted to interview some witnesses who testified at trial.  No adverse inference should be drawn from that conduct.  Indeed, the Assistant United States Attorneys, their assistants, and federal law enforcement officers, as well as defense counsel and their assistants, have a right, duty, and obligation to conduct and attempt to conduct those interviews, and prepare this case as thoroughly as possible, and they might have been derelict in the performance of their duties if they had not questioned the witnesses as the investigation progressed and during their preparation for this trial.

### 18.      **Certain Persons Not Named as Defendants**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that certain persons — whether other medical professionals, office employees, or medication recipients — were not named as defendants in the Indictment in this case.  There are many legal and factual reasons why certain other persons would not be named as defendants in this particular case, and these reasons must play no part in your deliberations.  It should be of no concern to you, and you should not speculate as to the reason for their absence.

**19.        Consciousness of Guilt**

You have heard testimony that after the crime was supposed to have been committed, the defendant and Nick Grasso discussed an alternative, innocent explanation for the text message that the defendant sent to Nick Grasso regarding one of his payments that the defendant made to Nick Grasso.

If you believe that the defendant engaged in such conduct, then you may consider this conduct, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that the defendant thought he was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may engage in such conduct for some other reason. Whether or not this evidence causes you to find that the defendant was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.

**20.** **Consciousness of Guilt (False Exculpatory Statements)**

You have heard testimony that the defendant made certain statements outside the courtroom to other witnesses in which he claimed or sought to give the impression that his conduct was consistent with innocence and not with guilt. The Government claims that these statements are false.

If you find that the defendant made a false statement in order to direct the attention of law enforcement away from himself, you may, but are not required to conclude that the defendant believed that he was guilty.  It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  You may not, however, conclude on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

You must decide whether or not the evidence as to the defendant shows that he believed that he was guilty, and the significance, if any, to be attached to this evidence.  In your evaluation, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement that he/she did not commit a crime.  Fear of law enforcement, reluctance to become involved, or simple mistake may cause an innocent person to give such a statement or explanation.

**21.** **Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Thomas Sher testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

### 22.      **Defendant's Character Evidence**

You have heard reputation and opinion evidence about whether the defendant has a character trait for being a law-abiding citizen.  You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the Government has proved the charges beyond a reasonable doubt.

### 23.      **Proof of Mental States**

In deciding whether the Government has met its burden of proof regarding the elements of the charged crime, you must decide if the Government has proved that the Defendant had certain states of mind at the time of the charged crimes.  Often the state of mind, such as intent or knowledge with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, Thomas Sher's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine the Defendant's state of mind, such as what the Defendant intended or knew at a particular time, you may consider evidence about what the Defendant said,

did, and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the Defendant's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the Defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts Thomas Sher knowingly did, and whether it is reasonable to conclude that the Defendant intended those results or consequences.  You may find, but you are not required to find, that the Defendant knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in the Defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the Defendant did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of the facts—you, the jurors—in this case.

### 24.        **<u>"Knowingly" Defined</u>**

All of the offenses charging Thomas Sher in the Indictment require that the Government prove that he acted "knowingly" with respect to certain elements.  This means that the Government must prove beyond a reasonable doubt that Thomas Sher was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.  If you find that the defendant made the agreement

accidentally, mistakenly, or as the result of mere negligence, then the Government has failed to prove that he acted knowingly and you must return a verdict of "not guilty."

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, did, and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

### 25.    **"Intentionally" Defined**

Certain offenses charged in the Indictment require that the Government prove that the defendant acted "intentionally" or "with intent" with respect to certain elements of those offenses.  This means that the Government must prove beyond a reasonable doubt either that: (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Thomas Sher acted "intentionally" or "with intent," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

### 26.    **"Willfully" Defined**

Certain offenses charged in the indictment require the Government to prove that Thomas Sher acted "willfully" with respect to certain elements of

each offense. This means that the Government must prove beyond a reasonable doubt that the Defendant knew that his conduct was unlawful and intended to do something that the law forbids.  That is, to find that the Defendant acted "willfully," you must find that the evidence presented at trial proved beyond a reasonable doubt that the Defendant acted with a purpose to disobey or disregard the law.

"Willfully" does not, however, require proof that Thomas Sher had any evil motive or bad purpose other than the purpose to disobey or disregard the law.  "Willfully does not require proof that the Defendant knew of the existence and meaning of the statute making his conduct criminal.

## 27.    **Willful Blindness**

To find the defendant guilty of conspiracy to commit health care fraud, you must find that the government proved beyond a reasonable doubt that the defendant knew the object of the conspiracy was to commit health care fraud by facilitating the prescribing of medically unnecessary prescriptions in order to generate a profit. In this case, there is a question whether the defendant knew that any other person committed any element of health care fraud. When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that the defendant knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that the defendant knew that any other person committed any element of health care fraud based on evidence which proves that: (1) the defendant himself subjectively believed that there was a high probability that this fact existed, and (2) the defendant consciously took deliberate actions to avoid learning about the existence of this fact.

You may not find that defendant knew that any other person committed any element of health care fraud if you find that the defendant actually believed that this fact did not exist. Also, you may not find that the defendant knew that any other person committed any element of health care fraud if you find only that the defendant consciously disregarded a risk that the fact existed, or that the defendant should have known that the circumstance existed, or that a reasonable person would have known of a high probability that the circumstance existed. It is not enough that the defendant may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident. You must find that the defendant himself subjectively believed there was a high probability of the existence that any other person committed any element of health care fraud, consciously took deliberate actions to avoid learning about it, and did not actually believe that it did not exist.

### 28.    __Motive Explained__

Motive is not an element of the offenses with which the defendant is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good

motive alone does not establish that the defendant is not guilty.  Evidence of Thomas Sher's motive may, however, help you find Thomas Sher's intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

29.    **Elements of the Offenses Charged**

**Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud:**

Count 1 of the Indictment charges that from in or about July 2014 through in or about April 2016, in Atlantic County in the District of New Jersey, and elsewhere, Thomas Sher conspired or agreed with one or more other persons to commit certain offenses, namely: (1) to commit health care fraud; and (2) to commit wire fraud.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

The Government does not have to prove that all the people named in the Indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the

unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

In order for you to find the defendant guilty of conspiracy to commit health care fraud and wire fraud, you must find that the Government proved beyond a reasonable doubt each of the following three (3) elements:

First:          That two or more persons agreed to commit health care fraud and wire fraud, as charged in the Indictment;

Second:         That the defendant was a party to or member of that agreement; and

Third:          That the defendant joined the agreement or conspiracy knowing of its objectives to commit health care fraud and wire fraud and intending to join together with at least one other conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit health care fraud and wire fraud.

I will explain each of these elements in more detail.

## Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud

### Element 1 – Existence of the Agreement

The first element of the crime of conspiracy is the existence of an agreement.  The Government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit health care fraud and wire fraud.

23

The Government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The Government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished.  The Government is not even required to prove that all the people named in the Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the Government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The Indictment charges a conspiracy to commit several federal crimes. The Government does not have to prove that the alleged conspirators agreed to commit all of these crimes.  The Government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime.  You cannot find the defendant guilty of conspiracy unless you unanimously agree that the same federal crime was the objective of the conspiracy.  It is not enough if some of you agree that one of the charged crimes was the object of the conspiracy and others agree that a different crime was the object of the conspiracy.

## Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud

### Element 2 – Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then in order to find Thomas Sher guilty of conspiracy, you must also find that the Government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The Government must prove that the defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The Government need not prove that Thomas Sher knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.  The Government also does not have to prove that Thomas Sher played a major or substantial role in the conspiracy.

25

You may consider both direct evidence and circumstantial evidence in deciding whether Thomas Sher joined the conspiracy, knew of its criminal objectives, and intended to further the objectives.  Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if he approved of what was happening or did not object to it.  Likewise, evidence showing that Thomas Sher may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that Thomas Sher joined the conspiracy.

## Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud

### Element 3 – Mental State

In order to find Thomas Sher guilty of conspiracy, you must find that the Government proved beyond a reasonable doubt that Thomas Sher joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives.  That is, the Government must prove: (1) that the defendant knew of the objectives, or goals, of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including Thomas Sher's words or conduct and other facts and circumstances, in deciding whether he had the required knowledge and intent.

**Counts 18 through 21—Health Care Fraud:**

I will now instruct you on the substantive offense of health care fraud. Counts 18 through 21 of the Indictment charge defendant Thomas Sher with health care fraud, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the Government proved the following three (3) elements beyond a reasonable doubt:

First:      The defendant knowingly devised or participated in a scheme to defraud or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the victim entity in connection with the delivery of or payment for health care benefits, items, or services;

Second:      That the defendant acted with the intent to defraud;

Third:      That the victim was a public or private plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who

is providing a medical benefit, item, or service for which payment may be made under the plan or contract." 18 U.S.C. § 24(b).

**Counts 18 through 21—Health Care Fraud:**

### Element 2 – "Intent to Defraud" Defined

The second element that the Government must prove beyond a reasonable doubt is that Thomas Sher acted with the intent to defraud a health care benefit program.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Thomas Sher acted with an intent to defraud, you may consider, among other things, whether he acted with a desire or purpose to bring about some gain or benefit to himself or someone else at the expense of the health care benefit program or with a desire or purpose to cause some loss to the health care benefit program.

**Counts 18 through 21—Health Care Fraud:**

### Health Care Fraud – Affecting Interstate Commerce

The Government must prove beyond a reasonable doubt that the health benefit plan or contract affected or could have affected interstate commerce. Affecting interstate commerce means any action, which in any way, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states.   The effect can be minimal.

**Counts 18 through 21—Health Care Fraud:**

28

**Accomplice Liability; Aiding and Abetting**

Counts 18 through 21 also charge aiding and abetting in addition to the substantive charge of health care fraud.

A person may be guilty of an offense(s) because he personally committed the offense(s) himself or because he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Thomas Sher aided and abetted William Hickman, Michael Sher, John Gaffney, and others in committing health care fraud.  In order to find the defendant guilty of health care fraud because he aided and abetted another in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First:  That William Hickman, Michael Sher, or John Gaffney committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions. William Hickman, Michael Sher, and John Gaffney need not have been charged with or found guilty of the offenses, however, as long as you find that the government proved beyond a reasonable doubt that one of them committed the offense;

29

Second:  That the defendant knew that the offense charged was going to be committed or was being committed by William Hickman, Michael Sher, or John Gaffney, and

Third:  That the defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging William Hickman, Michael Sher, or John Gaffney in committing the specific offense charged and with the intent that the individual commit the offense, and

Fourth:  That the defendant performed an act in furtherance of the offense charged.

In deciding whether Thomas Sher had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Thomas Sher's words and actions and the other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense(s) is not enough for you to find defendant Thomas Sher guilty as an aider and abetter.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Thomas Sher's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the offense as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by William

Hickman, Michael Sher, or John Gaffney as something the defendant wished to bring about and to make succeed.

To show that Thomas Sher performed an act in furtherance of the offense charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the defendant which at least encouraged William Hickman, Michael Sher, or John Gaffney to commit the offense.  That is, you must find that Thomas Sher's act did, in some way, aid, assist, facilitate, or encourage William Hickman, Michael Sher, or John Gaffney to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage, every part or phase or element of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage, only one or some parts, phases, or elements of the offense.  Also, the defendant's acts need not themselves be against the law.

**Counts 18 through 21—Health Care Fraud:**

**Responsibility For Substantive Offenses Committed by Co-Conspirators**

Counts 18 through 21 of the Indictment charge that, on or about the dates listed in those counts, in the District of New Jersey, the defendant committed health care fraud.

The Government may prove Thomas Sher guilty of these offenses by proving that he personally committed them.  The Government may also prove Thomas Sher guilty of these offenses based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other

members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to Thomas Sher as a necessary or natural consequence of the agreement. In other words, under certain circumstances the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find Thomas Sher guilty of health care fraud based on this legal rule, you must find that the Government proved beyond a reasonable doubt each of the following four (4) requirements:

First:        That the defendant was a member of the conspiracy charged in the Indictment;

Second:        That while the defendant was still a member of the conspiracy, one or more of the other members of the conspiracy committed the offenses charged in 18 through 21, by committing each of the elements of those offenses, as I explained those elements to you in these instructions.  However, the other members of the conspiracy need not have been found guilty of (or even charged with) the offenses, as long as you find that the Government proved beyond a reasonable doubt that the other members committed the offenses.

Third:        That the other member of the conspiracy committed these offenses within the scope of the unlawful agreement and to help further or achieve the objectives of the conspiracy; and

<u>Fourth</u>:      That these offenses were reasonably foreseeable to or reasonably anticipated by the defendant as a necessary or natural consequence of the unlawful agreement.

The Government does not have to prove that Thomas Sher specifically agreed or knew that these offenses would be committed.  However, the Government must prove that the offenses were reasonably foreseeable to the defendant, as a member of the conspiracy, and within the scope of the agreement as he understood it.

**Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud:**

   **Elements of Wire Fraud**

As we have discussed, the Indictment charges a conspiracy to commit multiple federal crimes—both health care fraud and wire fraud. We have already discussed the elements of health care fraud. I will now explain to you the elements of wire fraud. As I have already instructed you, however, for the purposes of Count One, which charges conspiracy, the Government is not required to prove that the offense of health care fraud or the offense of wire fraud was completed or that the co-conspirators succeeded in actually committing health care fraud or wire fraud. I am instructing you on the elements of wire fraud in order to assist you in determining whether the Government has proven beyond a reasonable doubt that an agreement or conspiracy to commit wire fraud existed and that the defendant joined that conspiracy, knowing of its objective and intending to join together to achieve that objective. For purposes of Count One, you should consider the elements of

33

health care fraud that I have provided for Counts 18 through 21 for this purpose as well.

The offense of wire fraud consists of the following three elements:

First: That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

Second: That the defendant acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**Scheme to Defraud**

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property (or the intangible right of honest services) by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements, representations, and

claims. The representations which the government charges were made as part of the scheme to defraud are set forth in the indictment.

The government is not required to prove every misrepresentation charged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, or claim is false if it is untrue when made and if the person making the statement, representation, or claim or causing it to be made knew it was untrue at the time it was made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial, which means unimportant.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of

35

concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the scheme charged in the indictment, you should then consider the second element.

**Intent to Defraud**

The second element that the government must prove beyond a reasonable doubt is that the defendant acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

36

In considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

**Transmits by Means of Wire, Radio, or Television Communication in Interstate Commerce**

The third element that the government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, the defendant transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire. The use of the Internet to send a message, such as an e-mail, or to communicate with a web site may constitute a wire transmission in interstate commerce.

The government is not required to prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a

wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove either that the defendant used wire, radio, or television communication in interstate commerce, or that he knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that he should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value. However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

**Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud:**

**Conspiracy – Success Immaterial**

The Government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find Thomas Sher guilty of conspiracy if you find that the

Government proved beyond a reasonable doubt the elements I have explained, even if you find that the Government did not prove that any of the conspirators actually committed health care fraud or wire fraud. Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy. Conspiracy is complete without the commission of those offenses.

It is no defense to a conspiracy charge that success was impossible because of circumstances that the defendant did not know about. This means that you may find the defendant guilty of conspiracy even if it was impossible for him to successfully complete the crime that he agreed to commit.

**Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud:**

**Conspiracy – Duration**

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

**Count 1—Conspiracy to Commit Health Care Fraud and Wire Fraud:**

**Conspiracy – Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of Thomas Sher, did or said certain things. The

acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against Thomas Sher any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before the defendant joined the alleged conspiracy may also be considered by you as evidence against him.  However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.

### 30.       <u>**Use of Conjunctive**</u>

Upon reading the Indictment, you may notice that the word "and" is used between other charging words. For example, Count One charges that the object of the conspiracy was for the defendant to unlawfully enrich himself by causing the submission of false and fraudulent insurance claims for compounded prescription medications to Pharmacy Benefits Administrator and by receiving a percentage of the money that Pharmacy Benefits Administrator paid for those

compounded prescription medications. Although the Indictment is written that way, you are specifically instructed that it is sufficient for the Government to prove that the Defendant did one of the acts charged in the Indictment. In other words, you should treat the word "and" as really being the word "or."

An important exception to this rule is the portion of a Count that charges the Defendant with acting with certain mental states, for example, "knowingly," "intentionally," and/or "willfully." In those instances, you must find each of the required mental states existed in order to find the Defendant guilty on that particular Count.

31.     **Spokesperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: It is my custom to ask the juror in Seat 1, Ms. Liberatore, to act as your Spokesperson. This person will speak for the jury here in court. The views and vote of the spokesperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find Thomas Sher guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a

41

reasonable doubt.  To find Thomas Sher not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved Thomas Sher guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, when the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and

then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone or share any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your spokesperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about

what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

### 32.     **Verdict Form**

A verdict form has been prepared that you should use to record your verdicts. Take this form with you to the jury room.  When you have reached your unanimous verdicts, the spokesperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to me.  If you decide that the government has proved Thomas Sher guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your spokesperson mark the appropriate place on the form.  If you decide that the government has not proved Thomas Sher guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your spokesperson mark the appropriate place on the form.

### 33.     **Conclusion**

Now, ladies and gentlemen, I have concluded my instructions and it is time to begin your deliberations.  You may have noticed whenever you left or entered the courtroom, everyone stood.  We do that for a very important reason, and that is to convey to each of you that, together, you are the judges in this case.  By

standing, we accord you the respect to which you, as jurors, are entitled.  I am confident that you will live up to our expectations and deliberate with all the care that justice requires and both parties deserve.